UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES BARBER, | ) | |
|       Plaintiff, | ) ) ) | |
|       v. | ) ) | No. 1:19-cv-00015-TWP-TAB |
| WEXFORD HEALTH SOURCES, JANE DOE, BRUCE IPPEL, ISAAC, | ) ) ) ) ) | |
|       Defendants. | ) ) | |

**Entry Discussing Filing Fee, Dismissing Complaint
and Directing Filing of Amended Complaint**

**I. Filing Fee**

The plaintiff's motion for an extension of time, dkt [5], is **granted.** The plaintiff shall have **through March 22, 2019**, in which to pay the initial partial filing fee.

**II. Screening Standard**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

[the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Plaintiff Charles Barber alleges that on December 13, 2017, he reported to sick call at New Castle Correctional Facility. At that time, Mr. Barber was suffering from the effects of an ischemic stroke. Nurse Isaac checked Mr. Barber's vital signs during triage. Nurse Isaac reported to Dr. Ippel that Mr. Barber's blood pressure was extremely high and that he was suffering from an anxiety attack. Dr. Ippel concluded that Mr. Barber was experiencing an atypical headache likely due to diabetes and/or stress. Dr. Ippel instructed Mr. Barber to return to his housing unit. Dr. Ippel's notes do not indicate that he considered whether Mr. Barber had a stroke. The next day, Mr. Barber was seen by Dr. Robertson and immediately sent to a hospital where he was given an EKG and diagnosed with a mild stroke.

Mr. Barber claims that Nurse Isaac's mistaken assessment caused a misdiagnosis. He states that both defendants' misdiagnosis "amounts to negligence" and as a result he was not properly treated in violation of his Eighth Amendment rights. He seeks money damages and an injunction prohibiting the defendants from providing him medical care in the future.

## III. Dismissal of Complaint

The complaint fails to state a claim upon which relief may be granted.

First, Wexford Health Sources ("Wexford") is **dismissed**. Because Wexford acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Wexford, Mr. Barber must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. No such allegation is present in the complaint. Accordingly, the claims against Wexford are dismissed.

In order for Mr. Barber to state a claim under § 1983 for medical mistreatment or the denial of medical care against an individual defendant, he must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*). Negligence is not sufficient to support a § 1983 claim. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

The allegations in the complaint suggest that Mr. Barber was misdiagnosed at nursing sick call triage with an anxiety attack and headache due to diabetes and/or stress. He specifically alleges this is a result of negligence. There is no allegation that Mr. Barber was injured by the one day delay in getting him to the outside hospital for treatment. Nor is there any allegation that the defendant medical providers knew of and disregarded an excessive risk to Mr. Barber's health.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through March 22, 2019,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Any amended complaint should have the proper case number, 1:19-cv-15-TWP-TAB and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date: 1/24/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES BARBER
884115
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362