UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| CHARLES BARBER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00015-TWP-TAB |
| | ) | |
| BRUCE IPPEL, | ) | |
| ISAAC, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Charles Barber filed this action on January 2, 2019, contending that his constitutional rights were violated when Nurse Isaac and Dr. Ippel were deliberately indifferent to his serious medical needs. Specifically, Mr. Barber reported to sick call at New Castle Correctional Facility ("New Castle"). At that time, he was suffering from the effects of a stroke. Nurse Isaac failed to properly assess his condition and Dr. Ippel ignored Mr. Barber's obvious symptoms. The next day, Mr. Barber was seen by Dr. Robertson and immediately sent to a hospital where he was given an EKG and diagnosed with a mild stroke. The delay in treatment allegedly caused Mr. Barber harm. Dkt. 11 at p. 2 (Entry Screening Amended Complaint filed March 25, 2019).

The defendants move for summary judgment arguing that Mr. Barber failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt [20], must be **granted.**

# I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.*, 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson*, 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the PLRA, which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust . . . ." *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion.")).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, the defendants bear the burden of demonstrating that Mr. Barber failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681.

**II. Undisputed Facts**

Mr. Barber failed to respond to the motion for summary judgment. The consequence is that Mr. Barber has conceded the defendants' version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion, but it

does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts are accepted as true:

The subject of Mr. Barber's lawsuit is the medical care and treatment he received on December 13, 2017. Dkt. 22-1 at ¶ 11. During all relevant times, there was a grievance process in place at New Castle Correctional Facility ("New Castle") and this process was available to Mr. Barber. *Id.* at ¶ 6.

The purpose of the offender grievance process is to provide an administrative process by which inmates may resolve concerns and complaints related to the conditions of their confinement at their current institution. The grievance procedures at New Castle are noted in the inmate handbook and are provided to inmates upon their arrival. Dkt. 21 at p. 2 ¶ 3; dkt. 22-1 ¶ 6. The grievance process consists of four stages: 1) an informal grievance to a prison official at New Castle; 2) a formal grievance to the Grievance Specialist at New Castle; 3) Level 1 Grievance Appeal to the Warden at New Castle; and 4) Level 2 Grievance Appeal to the Indiana Department of Correction's Grievance Manager. Dkt. 21 at p. 3. Indiana Department of Correction's records reflect that Mr. Barber has not filed a formal grievance since October 29, 2014. Dkt. 22-2.

### III. Discussion

Mr. Barber failed to exhaust his administrative remedies prior to filing this civil action. Accordingly, the defendants have met their burden of proving that Mr. Barber "had available remedies that he did not utilize." *Dale,* 376 F.3d at 656. Given his wholesale failure to respond, Mr. Barber has not identified a genuine issue of material fact supported by admissible evidence

which counters the facts offered by the defendants that establish Mr. Barber's failure to pursue the grievance process. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Barber's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the reasons explained above, the motion for summary judgment, dkt. [20], is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/3/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES BARBER
884115
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com